Wayne D. Lonstein, Esq. (WL0807)
LONSTEIN LAW OFFICE, P.C.
190 South Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:   845-647-6277
Email: Legal@signallaw.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

-------------------------------------------------------------------
ZUFFA, LLC d/b/a Ultimate Fighting Championship,

      Plaintiff,

 -against-          **COMPLAINT**

                 Civil Action No.

DAVID TIMBERMAN and JACOB VANKAMPEN,
Individually, and as officers, directors, shareholders
and/or principals of EDSCO INCORPORATED d/b/a
KELLY'S BAR,

and

EDSCO INCORPORATED d/b/a KELLY'S BAR

      Defendants.
-------------------------------------------------------------------

  Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Burlington County, which is within the District of New Jersey, Camden Division (28 U.S.C. § 1391(b) and 28 U.S.C. §110).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of New Jersey and certain activities of Defendants giving rise to this action took place in the State of New Jersey; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of New Jersey. Moreover, upon information and belief, Defendants has their principal place of business within the State of New Jersey; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118.

6. Plaintiff is the owner of the UFC 218 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for December 2, 2017, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

7. Upon information and belief the Defendant, DAVID TIMBERMAN, resides at 200 N Main Street, Elmer, NJ 08318.

8. Upon information and belief the Defendant, JACOB VANKAMPEN, resides at 925 Olive Street, Burlington, NJ 08016.

9. Upon information and belief the Defendants, DAVID TIMBERMAN and JACOB VANKAMPEN, were the officers, directors, shareholders, and/or principals of EDSCO INCORPORATED d/b/a KELLY'S BAR located at 14 Railroad Avenue, Wrightstown, NJ 08562.

10. Upon information and belief the Defendants, DAVID TIMBERMAN and JACOB VANKAMPEN, were the individuals with supervisory capacity and control over the activities occurring within the establishment known as KELLY'S BAR, located at 14 Railroad Avenue, Wrightstown, NJ 08562.

11. Upon information and belief the Defendants, DAVID TIMBERMAN and JACOB VANKAMPEN, received a financial benefit from the operations of KELLY'S

BAR, on December 2, 2017.

12. Upon information and belief, Defendants, DAVID TIMBERMAN and JACOB VANKAMPEN, were the individuals with close control over the internal operating procedures and employment practices of KELLY'S BAR, on December 2, 2017.

13. Upon information and belief the Defendant, EDSCO INCORPORATED, is a domestic corporation licensed to do business in the State of New Jersey.

14. Upon information and belief, Defendants, advertised their intention to show the UFC 218 Event on social media, including but not limited to posting advertisements on Kelly's Bar Facebook page and promoting the exhibition on the establishment interior menu Board, for the exhibition of Plaintiff's Broadcast within the commercial establishment known as KELLY'S BAR. Please see Exhibit "A" attached hereto

15. Upon information and belief, the Defendant, EDSCO INCORPORATED d/b/a KELLY'S BAR, is located at 3805 W Sahara Avenue, Las Vegas, NV 89102, and had a capacity for 51-100 people on December 2, 2017 and was exhibiting the UFC 218 p[program on 4 television screens within the establishment..

16. Upon information and belief, the Defendant, EDSCO INCORPORATED d/b/a KELLY'S BAR, is a business entity, having its principal place of business at 14 Railroad Avenue, Wrightstown, NJ 08562.

17. Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the

Broadcast and obtaining same through alternative means.

## COUNT I

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "17," inclusive, as though set forth herein at length.

19. Plaintiff is the owner of the UFC 218 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for December 2, 2017, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

20. Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

21. Plaintiff, through their commercial distributor, Joe Hand Promotions, Inc. , , entered into licensing agreements for a licensing fee with various entities in the State of New Jersey, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

22. The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for

commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

23. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non commercial, personal use only**.

24. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal and did exhibit the UFC 218 Broadcast at KELLY'S BAR located at 14 Railroad Avenue, Wrightstown, NJ 08562 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

25. Upon information and belief, Plaintiff alleges that Defendants' effected unauthorized interception and receipt of Plaintiff's Broadcast by obtaining the program through unauthorized means and subsequently displaying the programming in the commercial establishment known as KELLY'S BAR for commercial gain and without commercial authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

28. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited commercially by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the Establishment at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

29. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

30. Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

31. By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

32. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT II

33. Plaintiff hereby incorporates paragraphs "1" through "17" and "19" through

"26," and "28," inclusive, as though fully set forth herein.

34. Plaintiff is the owner of the copyright to the UFC 218 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for December 2, 2017, via closed circuit television and via encrypted satellite signal. The applications for certificate of copyright registrations were filed with the U.S. Copyright Office on January 25, 2018 under Nos. 1-6233420606 and PA 2-123-384. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

35. As a copyright holder of the rights to the UFC 218 Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same.

36. Defendants never obtained the proper authority or license from Plaintiff, or its authorized exclusive agent for commercial distribution, Joe Hand Promotions, Inc. to publicly exhibit the UFC 218 Broadcast on December 2, 2017.

37. Upon information and belief, with full knowledge that the UFC 218 Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendants and/or their agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on December 2, 2017.

38. Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully obtained the UFC 218 Broadcast, enabling

Defendants to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

39. By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

40. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

41. As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

42. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendants, *jointly and severally*, granting to plaintiff the following:

> (a) Declare that Defendants' unauthorized exhibition of the December 2, 2017, UFC 218 Broadcast, violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain.
>
> (b) On the first cause of action, statutory penalties in an amount, in the

discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553; for a total of $60,000.00 and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2) for their willful violation of 17 U.S.C. §501(a); for a total of amount of $300,000.00 and

(e) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

Dated: June 6, 2019
    Ellenville, New York

**ZUFFA, LLC**

By:    /s/Wayne D. Lonstein
        Wayne D. Lonstein, Esq.. (WL0807)
        LONSTEIN LAW OFFICE, P.C.
        190 South Main Street
        P.O. Box 351
        Ellenville, New York 12428
        Telephone: 845-647-8500
        Facsimile: 845-647-6277
        Email: Legal@signallaw.com
        *Our File No. ZU17-12NJ-01*